# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON CANAS, ) | NO. 1:-AWI-SMS |
| ) | |
| Petitioner, ) | ORDER ON PETITIONER'S |
| ) | REQUEST FOR RELIEF |
| v. ) | UNDER 28 U.S.C. § 2255 |
| ) | |
| UNITED STATES OF AMERICA, ) | (Document # 237) |
| ) | |
| Respondent. ) | |

Petitioner Nelson Canas ("Petitioner") is a federal prisoner and proceeds pro se and seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255 ("Section 2255"). On September 7, 2003, Petitioner entered into a plea agreement by which he voluntarily agreed to plea guilty to conspiring to manufacture, distribute, and possess with intent to distribute approximately 16,330 pounds of marijuana plants in violation of 21 U.S.C. § 846 and § 841 (a)(1).

This court has reviewed the record and does not believe that it has sufficient information to render a decision at this time regarding Petitioner's habeas petition. Accordingly, the court will not decide the petition until it receives a declaration from attorney Patience Milrod ("Milrod") and additional briefing from the Respondent United States of America ("Government") regarding Petitioner's ineffective assistance of counsel claim.

**BACKGROUND**

Pursuant to the plea agreement, Petitioner recognized that the mandatory maximum in this case was life and that the minimum sentence was ten (10) years. Under the plea agreement, the Government agreed to recommend sentencing at the bottom of the guideline range and for Petitioner to receive a three-level reduction in the offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. The Government agreed to recommend that the Petitioner receive a four-level reduction for a minimal role under U.S.S.G. § 3B1.2(A). Lastly, the Government agreed to recommend that "defendant receive a two-level reduction in the offense level under the safety valve provision, if he qualifies pursuant to the terms stated in U.S.S.G. § 5C1.2." See Plea Agreement at page 5.

On June 21, 2004, this court conducted a sentencing hearing at which Petitioner acknowledged that he had a chance to review the Pre-Sentence Investigation Report ("PSIR") with Milrod. The PSIR reflected the 23 offense level and criminal category II. The PSIR concluded that pursuant to U.S.S.G. 2D1.1.(b)(6)/5C1.2, the Petitioner did not qualify for an adjustment under the safety valve provision because of his prior Driving Under the Influence ("DUI") conviction.[1] The court sentenced Petitioner to 120 months imprisonment.

On May 10, 2005, Petition filed a notice of appeal. On December 29, 2006, the Court of Appeals dismissed Petitioner's appeal for lack of jurisdiction.

On April 26, 2007, Petitioner timely filed the instant Section 2255 petition. Petitioner alleges four grounds for habeas relief : (1) Ineffective assistance of counsel because his attorney, Milrod, did not make sure that he was eligible for safety valve relief (i.e. by discovering Petitioner's prior DUI conviction); (2) Inadequate Rule 11 plea hearing because the court did not advise him that he would not be allowed to withdraw his plea and because the plea agreement itself was not read in court on the record; (3) The district court abused its discretion in denying

---

[1] The PSIR stated that if Petitioner had been eligible for the safety valve reduction, the guideline range for imprisonment could have been 51 to 63 months.

Petitioner's motion to withdraw his plea; and (4) The overcrowded prison conditions are violating his Eighth Amendment rights.[2]

## LEGAL STANDARD

Under the standard set by Strickland v. Washington, 466 U.S. 668, 690-692 (1984), a petitioner claiming ineffective assistance of counsel must demonstrate that: "(1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense." Id.

## DISCUSSION

The court has reviewed Milrod's declaration and attached Exhibits 1and 2 (i.e. Petitioner's rap sheets), which she filed on January 26, 2004 in support of Petitioner's motion to strike prior, or in the alternative to withdraw plea and has determined that issues exist regarding Petitioner's ineffective assistance of counsel claim with respect to both Strickland prongs.

I. Deficient Performance Prong

Milrod declares that she reviewed the initial discovery that she received from the government purporting to set forth Petitioner's criminal history with Petitioner. See Milrod Declaration ("Milrod Dec.") at page 1. Milrod declares that true and correct copies of these discovery documents, Bates-Stamped pages 19-26 are attached as Exhibit 1 to her declaration. See Milrod Dec. at page 1. Exhibit 1 appears to be Petitioner's National Crime Information Center ("NCIC") report. Milrod declares that based on her review of Petitioner's NCIC report, she asked Petitioner about his Los Banos drunk driving charge. Id. Milrod declares that

---

[2] The court intends to dismiss Petitioner's fourth claim for relief for lack of jurisdiction. First, Petitioner's fourth claim, which is related to the conditions of his confinement, may not be brought pursuant to Section 2255. See Section 2255. Under Section 2255, a prisoner may only move the court, which sentenced him to vacate, set aside, or correct the sentence. A petition that challenges the conditions of confinement must be brought pursuant to Section 2241 in the custodial court. See Section 2241.
Second, Petitioner has indicated in his Section 2255 petition that he is in custody at the FCI Lompoc, California institution. FCI Lompoc is not located within the jurisdiction of the Eastern District of California. Therefore, Petitioner must file a Section 2241 petition in the appropriate district court, which has jurisdiction over FCI Lompoc. Accordingly, after the parties file the requested additional briefing and declarations, the court will decide Petitioner's motion for habeas relief, which will dismiss Petitioner's fourth claim.

3

Petitioner informed her that he had been to court, and was supposed to go back to court, but did not go. Id. Milrod asked Petitioner if he had plead guilty and Petitioner informed her that he had not and was supposed to go back to court. Id. at pages 1-2. Milrod declares that the government subsequently provided her with Petitioner's California Law Enforcement Telecommunications Systems ("CLETS") report, which she declares indicated that Canas only had an outstanding bench warrant. Id. at page 2.

Milrod further declares that "in light of the NCIC reports provided in discovery, my client's understanding that he had not been convicted in Los Banos, the government's statement that my client had no priors, and the subsequently-provided CLETS report, also showing only a bench warrant, I did not do further investigation to verify what seemed to be the undisputed absence of any criminal conviction." Id. at page 2. Milrod also declares that the first time she became aware that Petitioner's Los Banos DUI charge had in fact resulted in a conviction was when she reviewed the draft PSIR on October 13, 2003. Id. at pages 5-6.

If the court was solely evaluating Milrod's above listed efforts to determine whether Petitioner had a prior conviction, the court would be unable to find that Milrod's conduct constituted deficient performance. Based on these facts alone, it would not be unreasonable for an attorney in Milrod's position to conclude that Petitioner had no prior criminal convictions in light of Milrod's independent review of Petitioner's NCIC and CLETS reports, her discussions with Petitioner regarding his DUI charge, Petitioner's statements regarding his DUI charge, and given the government's discovery response that "it does not appear that the defendant has a criminal record." See Milrod Dec. at page 2.

The inquiry, however, does not end here, as the NCIC report, which Milrod attached to her declaration, appears on its face to indicate the existence of Petitioner's September 10, 2001 DUI Los Banos conviction. See Milrod Exhibit 1 Bates-Stamped page 25. If Milrod was in possession of the government-provided NCIC report and did not read the NCIC report in its entirety, including the second to last page, which indicates on its face that Petitioner had a DUI

4

prior conviction, the deficient performance calculus changes. The failure to read the Petitioner's eight (8) page NCIC report in its entirety would seem to be an "[e]rror that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." Butcher v. Marquez, 758 F.2d. 373, 376 (9th Cir. 1985).

Accordingly, the court directs Milrod to submit a declaration setting forth the facts regarding the basis of her advice, including whether she reviewed the NCIC report in its entirety. Milrod is also directed to address the implication of the NCIC report's identification of Petitioner's DUI prior conviction as it relates to the deficient performance Strickland prong.

II.     Prejudice Prong

Petitioner contends that if he had known that he was not eligible for the safety valve reduction then he would not have agreed to the plea agreement and would have gone to trial. At this juncture, the court is unable to adequately determine whether "there is a reasonable probability that, but for the counsel's alleged errors, the petitioner would have rejected the plea offer and insisted on going to trial." See Hill v. Lockhart, 474 U.S. 52, 58 (1985).

Accordingly, the court will order the Government to submit briefing regarding the strength of the Government's case against Petitioner. The court will also order Milrod to include in her declaration an explanation as to whether her advice would have been different if she had been aware of Petitioner's prior conviction and the defenses, if any, that Petitioner would have raised at trial. This additional declaration and briefing will assist the court in making a determination as to whether there is a reasonable probability that Petitioner would have rejected the plea offer and insisted on going to trial.

Lastly, the court permits Petitioner to submit a response, if any, to Milrod's declaration and the Government's additional briefing.

**ORDER**

For the reasons set forth above, this court orders the following:

1.      Milrod is directed to file a declaration regarding the basis of her advice as

5

described more fully above, whether her advice would have been different if she had been aware of Petitioner's prior conviction, and the defenses, if any, that Petitioner would have raised at trial, within thirty (30) days from the date of service of this order;

2. Respondent Government shall file and serve additional briefing regarding the strength of the Government's case against Petitioner within sixty (60) days from the date of service of this order; and

3. Petitioner is permitted to submit a response, if any, to Milrod's declaration and the Government's additional briefing within ninety (90) days from the date of service of this order.

IT IS SO ORDERED.

Dated: **May 27, 2009**  **/s/ Anthony W. Ishii**
CHIEF UNITED STATES DISTRICT JUDGE