IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON CANAS,<br><br>            Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | NO. 1:07-CV-637-AWI<br>NO. 1:02-CR-5366-AWI-SMS<br><br>**ORDER GRANTING PETITIONER'S REQUEST FOR RELIEF UNDER 28 U.S.C. § 2255**<br><br>(Document # 237) |

Petitioner Nelson Canas ("Petitioner") is a federal prisoner proceeding *pro se* and seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). Petitioner contends that his defense attorney, Patience Milrod ("Milrod"), provided ineffective assistance of counsel.

## BACKGROUND

On September 7, 2003, Petitioner entered into a plea agreement by which he voluntarily agreed to plea guilty to conspiring to manufacture, distribute, and possess with intent to distribute approximately 16,330 pounds of marijuana plants in violation of 21 U.S.C. § 846 and § 841 (a)(1).[1]  Pursuant to the plea agreement, Petitioner was informed that the mandatory maximum in this case was life and that the minimum sentence was ten (10) years.  Under the plea agreement,

---

[1] The superseding indictment also charged Petitioner with: (1) manufacturing marijuana; (2) possession with intent to distribute marijuana; and (3) illegal entry into the United States. Pursuant to the plea agreement, the Government agreed to dismiss these charges at sentencing. See Plea Agreement at page 5.

Respondent, the United States of America ("Government"), agreed to recommend sentencing at the bottom of the guideline range and for Petitioner to receive a three-level reduction in the offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. The Government agreed to recommend that the Petitioner receive a four-level reduction for a minimal role under U.S.S.G. § 3B1.2(A). Lastly, the Government agreed to recommend that "defendant receive a two-level reduction in the offense level under the safety valve provision, if he qualifies pursuant to the terms stated in U.S.S.G. § 5C1.2." See Plea Agreement at page 5.

On June 21, 2004, this court conducted a sentencing hearing at which Petitioner acknowledged that he had a chance to review the Pre-Sentence Investigation Report ("PSIR") with Milrod. The PSIR reflected an offense level of 23 and criminal category of II. The PSIR concluded that pursuant to U.S.S.G. 2D1.1.(b)(6)/5C1.2, Petitioner did not qualify for an adjustment under the safety valve provision because of his prior Driving Under the Influence ("DUI") conviction. The PSIR states that if Petitioner had been eligible for the safety valve reduction, the guideline range for imprisonment could have been 51 to 63 months. The court sentenced Petitioner to 120 months imprisonment.

On May 10, 2005, Petition filed a notice of appeal. On December 29, 2006, the Court of Appeals dismissed Petitioner's appeal for lack of jurisdiction.

On April 26, 2007, Petitioner timely filed the instant Section 2255 petition. Petitioner alleges four grounds for habeas relief : (1) ineffective assistance of counsel because Milrod did not make sure that he was eligible for safety valve relief; (2) inadequate Rule 11 plea hearing because the court did not advise him that he would not be allowed to withdraw his plea and because the plea agreement itself was not read in court on the record; (3) the district court abused its discretion in denying Petitioner's motion to withdraw his plea; and (4) the overcrowded prison conditions are violating his Eighth Amendment rights.[2]

---

[2]As the court indicated in its May 27, 2009 order, the court dismisses Petitioner's fourth claim for lack of jurisdiction. First, Petitioner's fourth claim, which is related to the conditions of his confinement, may not be brought pursuant to Section 2255. See Section 2255. Under

2

Petitioner alleges that Milrod provided ineffective assistance of counsel because she did not discover that Petitioner had a prior conviction, which made him ineligible for safety valve relief.

In order to determine whether Milrod provided ineffective assistance of counsel, the court reviewed Milrod's January 26, 2004 declaration ("Milrod 2004 Declaration") filed in support of Petitioner's motion to strike prior, or in the alternative to withdraw plea.  Milrod declared that she concluded that Petitioner did not have a prior conviction based on the following efforts:  (1) her review of the initial discovery that she received from the Government purporting to set forth Petitioner's criminal history, with Petitioner (See Milrod 2004 Declaration at page 1); (2) her discussions with Petitioner about his rap sheets, including a National Crime Information Center ("NCIC") report, which indicated that Petitioner had a Los Banos drunk driving charge (Id.); (3) Petitioner's representations to Milrod that he had been charged with drunk driving, did not plead guilty, and was supposed to go back to court (Id. at pages 1-2);(4) Milrod's review of the additional discovery that the Government provided to her, including Petitioner's California Law Enforcement Telecommunications Systems ("CLETS") report, which Milrod declares indicated that Petitioner only had an outstanding bench warrant (Id. at page 2); and (5) her reliance on the Government's discovery response that "it does not appear that the defendant has a criminal record." Id.

Milrod further declared "in light of the NCIC reports provided in discovery, my client's understanding that he had not been convicted in Los Banos, the government's statement that my client had no priors, and the subsequently-provided CLETS report, also showing only a bench

---

Section 2255, a prisoner may only move the court, which sentenced him to vacate, set aside, or correct the sentence.  A petition that challenges the conditions of confinement must be brought pursuant to Section 2241 in the custodial court.  See Section 2241.

Second, Petitioner has indicated in his Section 2255 petition that he is in custody at the FCI Lompoc, California institution.  FCI Lompoc is not located within the jurisdiction of the Eastern District of California.  Therefore, Petitioner must file a Section 2241 petition in the appropriate district court, which has jurisdiction over FCI Lompoc.  Accordingly, the court dismisses Petitioner's fourth claim

warrant, I did not do further investigation to verify what seemed to be the undisputed absence of any criminal conviction." Id. at page 2.

The court also reviewed Exhibit 1 to Milrod's 2004 Declaration, which seems to be one of Petitioner's criminal history reports. The report appears on its face to indicate the existence of Petitioner's September 10, 2001 DUI Los Banos conviction. See Milrod Exhibit 1 Bates-Stamped page 25. On May 27, 2009, the court reasoned that if Milrod did not read Petitioner's eight-page criminal history report in its entirety, which indicated on its face that Petitioner had a DUI prior conviction, the failure to read the report would seem to be an "[e]rror that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." See Butcher v. Marquez, 758 F.2d. 373, 376 (9th Cir. 1985).

On May 27, 2009, the court determined that it did not have sufficient information to render a decision regarding Petitioner's ineffective assistance of counsel claim and requested a declaration from Milrod regarding whether she reviewed the report in its entirety and whether her advice would have been different if she had been aware of Petitioner's prior conviction. The court also requested additional briefing from the Government regarding the strength of the Government's case against Petitioner.

On August 4, 2009, Milrod filed a declaration regarding the basis of her advice. On September 4, 2009, the Government filed its brief.

## LEGAL STANDARDS

### General 28 U.S.C. § 2255

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the

4

prisoner is entitled to no relief.' " United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

Ineffective Assistance of Counsel Claim

To establish a constitutional violation for the ineffective assistance of counsel, a defendant must demonstrate: (1) a deficient performance by counsel; and (2) prejudice to him. United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir. 1993). To prove deficient performance of counsel, Petitioner must demonstrate that her attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir. 1985). Courts considering ineffective assistance of counsel claims "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984); United States v. Jeronimo, 398 F.3d 1149, 1155 (9th Cir. 2005).

To show prejudice, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A court addressing a claim of ineffective assistance of counsel need not address both prongs of the Strickland test if the petitioner's showing is insufficient as to one prong. Strickland, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id. In the context of a plea bargain, the prejudice requirement is met by showing that, but for counsel's alleged errors, the petitioner would have

5

rejected the plea offer and insisted on going to trial.  See Hill v. Lockhart, 474 U.S. 52, 57-59; Womack v. McDaniel, 497 F.3d 998, 1002 (9th Cir. 2007).

## DISCUSSION

The court has reviewed Milrod's August 4, 2009 declaration ("Milrod 2009 Declaration") and the Government's September 4, 2009 brief, and determined that Petitioner received ineffective assistance of counsel.

### I.      Deficient Performance Prong

With respect to whether Milrod reviewed the Petitioner's criminal history report in its entirety, Milrod declared: " I believe I reviewed the entire report.  However, either I did not understand the significance of the 2001 Merced entry, or I dismissed the reference to a conviction because it was inconsistent with all the other information I had received to the effect that my client had no convictions." See Milrod 2009 Declaration at page 2.  Milrod further declared: "[I] did not adequately grasp the significance of the NCIC entry referring to the Merced DUI conviction." Id. "It was my responsibility to account for any inconsistency between the government's no-priors representation (on which I relied, but which turned out to be incorrect), and the entry in the NCIC.  A reasonably competent attorney should have sent for the Merced county records early in the representation, to determine whether in fact there was a conviction.  I failed to request those records until after entry of the plea." Id.

Based on Milrod's 2009 Declaration, it appears that Milrod did in fact read the report in its entirety and was cognizant of an entry referring to Petitioner's DUI conviction.  The court finds that Milrod's failure to conduct a further investigation after discovering that a inconsistency existed in Petitioner's criminal history, is an "[e]rror that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." Butcher, 758 F.2d. at 376.  A reasonable defense attorney confronted with such an inconsistency in their client's criminal history would have sought clarification and conducted further investigation.  A reasonable attorney would have clarified the inconsistency by seeking the Petitioner's records from the Merced court.  Although Milrod declares in her 2004 Declaration that she did not conduct further

investigation because there seemed to be an "undisputed absence of any criminal conviction," (Id. at page 2) it is now clear to the court, based on Milrod's 2009 Declaration, that it was not undisputed that Petitioner had no criminal convictions. To the contrary, given that one of Petitioner's criminal history reports showed on its face that Petitioner had a DUI conviction, a dispute existed.

II.   Prejudice Prong

Petitioner asserts under penalty of perjury that if he had known that he was not eligible for the safety valve reduction then he would not have agreed to the plea agreement and would have gone to trial. See Petitioner's § 2255 motion at page 5. Based on the court's review of the 2002 Sentencing Guidelines,[3] the court has determined that "there is a reasonable probability that, but for the counsel's alleged errors, the petitioner would have rejected the plea offer and insisted on going to trial." See Hill, 474 U.S. at 58.

Under the 2002 Sentencing Guidelines, Petitioner was facing not more than 123 months for the four counts he was charged with pursuant to the superseding indictment. Petitioner asserts that he signed the plea agreement because he was advised that he would receive a sentence in the guideline range of 37-46 months. See Petitioner's § 2255 motion at page 5. Petitioner was sentenced to a minimum sentence of 120 months because he was ineligible for safety valve relief. If Petitioner had gone to trial, Petitioner would have been exposed to no more than 120 months. Thus, Petitioner would have been no worse off if he had gone to trial than if he had signed the plea agreement save for a relatively minor three-month differential. Therefore, the court concludes that, but for counsel's errors, Petitioner would have more likely than not rejected the plea offer and insisted on going to trial.

Accordingly, the court finds that Petitioner received ineffective assistance of counsel.[4]

---

[3]Probation Services utilized the 2002 Sentencing Guidelines in Petitioner's sentencing.

[4]The court notes that at Petitioner's April 19, 2004 hearing on his motion to withdraw his plea, the court stated that it did not find that defense counsel had provided inadequate assistance of counsel. However, the court's finding was limited to whether defense counsel attempted to

7

# **ORDER**

For the reasons set forth above, this court orders the following:

1. Petitioner is allowed to withdraw his plea of guilty and directs Petitioner to submit his withdrawal, if any, within 30 days of service of this order; and

2. If Petitioner elects to withdraw his plea of guilty, at that juncture, the court will set the matter for a further status hearing.

IT IS SO ORDERED.

Dated:   **January 5, 2010**                    /s/ Anthony W. Ishii
                                                CHIEF UNITED STATES DISTRICT JUDGE

---

get the best plea agreement for Petitioner and whether Milrod had engaged in sufficient negotiations with the Government.  The court held that "there is no indication that there was any lack of diligence or effort" by Milrod with respect to plea negotiations or explaining the circumstances to her client. See April 19, 2004 Hearing Transcript at page 19.  Therefore, the court did not express an opinion on whether defense counsel provided ineffective assistance of counsel by not conducting further research after being put on notice of the inconsistencies in Petitioner's criminal history.

8